Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2150 | **DATE** | 4/1/11 |
| **CASE TITLE** | John L. Ray (#B-75296) vs. Cook County Sheriff Tom Dart | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. Dismissal is without prejudice to pursuing any relief that may be available in state court. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Vienna Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]                                                                 **Docketing to mail notices.**

## STATEMENT

     The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Cook County Sheriff, violated the plaintiff's constitutional rights by exposing him to unreasonable risk of harm while the plaintiff was a pretrial detainee at the jail. More specifically, the plaintiff alleges that he sustained a severe cut on his arm from a chuckhole that went unrepaired despite multiple requests to remove exposed wires from the opening.

     The court finds that the plaintiff is unable to prepay the filing fee and hereby grants his motion to proceed *in forma pauperis*. Because the plaintiff currently has a negative balance in his inmate trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. See 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. *Id.* Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

The Constitution "imposes upon prison officials the duty to take reasonable measures to guarantee the safety of the inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010), *citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a Fourteenth Amendment claim that correctional officials acted with deliberate indifference to his safety, a plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Santiago*, 599 F.3d at 756; *Farmer*, 511 U.S. at 834. In the case at bar, the plaintiff cannot satisfy either prong.

To satisfy the objective prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a known substantial risk that serious harm might actually occur. *Santiago*, 599 F.3d at 758, *citing Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The general definition of "substantial risk" includes "risks so great that they are almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911 (citations omitted).

The courts have routinely found minor, potential hazards such as the one at issue in this case not to be sufficiently serious to rise to the level of a constitutional violation. For example, in *Christopher v. Buss*, 384 F.3d 879 (7th Cir. 2004), an inmate claimed that he was injured during a ball game when a baseball bounced off a "protrusive lip" on the softball field and hit him in the eye. The U.S. Court of Appeals for the Seventh Circuit affirmed dismissal upon initial screening, concluding that the defect in the field was not an excessive risk to inmate safety. As the Court of Appeals explained:

> An "objectively 'sufficiently serious' " risk . . . is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. Unlike the acute risks posed by exposure to raw sewage, or inordinate levels of environmental tobacco smoke, or amputation from operating obviously dangerous machinery, or potential attacks by other inmates, the risk of being hit by a softball as a result of a hazardous field condition is not one that "today's society chooses not to tolerate."

*Christopher*, 384 F.3d at 882 (internal citations omitted).

Similarly, in *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995), dismissal of certain claims, including the lack of handrails in the shower, was upheld on review. Wet and slippery floors likewise do not implicate the Constitution. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . .. do not state even an arguable claim for cruel and unusual punishment"); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health
**(CONTINUED)**

| STATEMENT (continued) |
|---|

or safety"). Even shocks from exposed wiring has been found to be primarily an easily avoided, "unpleasant inconvenience" rather than evidence of deliberate indifference to a known substantial risk. *See Morissette v. Peters*, 45 F.3d 1119, 1124 (7th Cir.1995). The Constitution "does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only to that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citation omitted). "[F]ailing to provide a maximally safe environment, one completely free from . . . safety hazards, is not [a constitutional violation]." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). Exposed metal studs in a chuckhole opening are not so inherently dangerous as to amount to an objectively serious risk of harm for purposes of Fourteenth Amendment analysis.

Regarding the Sheriff's subjective intent, neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006), *quoting Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). "Proving deliberate indifference "requires more than a showing of negligent or even grossly negligent behavior. . . . [T]he corrections officer must have acted with the equivalent of criminal recklessness." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008), *quoting Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). "Deliberate indifference" is a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm upon a prisoner." *Wilson v. Seiter*, 501 U.S. 294 (1991). "It is not enough that a reasonable prison official would or should have known that the prisoner was at risk; the official must actually know of and disregard the risk to incur culpability." *Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (*citing Farmer*, 511 U.S. at 837-38). The plaintiff will not be able to establish that the defendant acted with deliberate indifference to a substantial risk of serious harm; if he wishes to sue Sheriff Dart for negligence, he must do so in state court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to pursuing relief in the state court system. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."